UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHARGES RIVER ASSOCIATES, INC.;** )<br>a Massachusetts corporation authorized to )<br>transact business in Illinois, )<br> )<br>         **Plaintiff,** )<br> )<br>v.                                                                 )<br> )<br>**J. P. HOLDINGS, INC.,** an Illinois )<br>corporation, and **JAMES P. HALLBERG,** )<br>individually, )<br> )<br>         **Defendants.** ) | Case No. 2008-C-00496 |

**NOTICE OF MOTION**

To:   Michael J. Raiz
      Newman Raiz, LLC
      Two First National Plaza
      20 South Clark Street, Suite 200
      Chicago, Illinois 60603

   **PLEASE TAKE NOTICE THAT** on the 9th day of April, 2008 at 9:45 a.m., we shall appear before the Honorable Judge Maria Valdez presiding in Room 1300 at the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, Illinois, 60604 and then and there present Plaintiff's Motion to Strike Affirmative Defenses, a copy of which is attached hereto and herewith served upon you.

                                          CRA INTERNATIONAL, INC.,
                                          a Massachusetts corporation authorized
                                          to transact business in Illinois

                              By:   /s/ Maysoun B. Iqal                    
                                          One of its Attorneys

Patricia E. Rademacher (06205831)
Maysoun Iqal (005855)
COSTON & RADEMACHER
105 W. Adams, Suite 1400
Chicago, IL 60603
Telephone: (312) 205-1010

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES RIVER ASSOCIATES, INC.; a Massachusetts corporation authorized to transact business in Illinois, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.   08-C-496 |
| J. P. HOLDINGS, INC., an Illinois corporation, and JAMES P. HALLBERG, individually, | ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
OF DEFENDANTS J.P. HOLDINGS, INC. AND JAMES P. HALLBERG**

**NOW COMES** Plaintiff, CHARLES RIVER ASSOCIATES, INC. ("CRA"), by and through its attorneys, COSTON & RADEMACHER, and for its Motion (the "Motion") to Strike the Affirmative Defenses of Defendants, J.P. HOLDINGS, INC. ("JPH") and JAMES P. HALLBERG ("HALLBERG"), states as follows:

**I.  INTRODUCTION**

In order to comply with the meet and confer requirement of LR 37.2, counsel for Plaintiff and counsel for Defendant discussed Defendants' Affirmative Defenses on the afternoon of March 25, 2008 via telephone, from their respective offices. At that time, the parties agreed that counsel for Plaintiff would need to file a response to the Affirmative Defenses in order to preserve its client's rights. Such response follows:

On or about January 24, 2008, Plaintiff CRA filed its Complaint against JPH and HALLBERG in the above-captioned cause. The subject of the Complaint is Defendants' breach of contract as related to expert witness services provided by Intecap (an entity that has been

1

acquired by Plaintiff) to Defendants. Prior to the events that created the basis for this lawsuit, Defendants engaged the services of non-party, Schwartz, Cooper, Greenberger & Krauss ("SCGK"). Subsequently, on or about April 6, 2005, HALLBERG and JPH, through their agent SCGK, signed a retention letter (the "Agreement") with CRA for CRA to provide consulting expert services to HALLBERG and JPH.

Subsequently, on or about March 11, 2008, Defendants filed their Answer and Affirmative Defenses. Defendants' four (4) Affirmative Defenses are as follows: (1) failure by Plaintiff to state a cause of action against Defendant; (2) failure by Plaintiff to mitigate its damages; (3) the contract is not enforceable as to Defendant; (4) recovery is barred by the Statute of Frauds.

As shall be illustrated below, despite the contentions of the Affirmative Defenses, CRA is absolutely entitled to enforce against Defendants the contract entered into for the benefit of the Defendants.

## II. ARGUMENT

**A.    General standards**

    **1.    Standards for dismissal under Illinois Code of Civil Procedure (the "Code") Section 2-615**

As a general proposition, "[m]otions to dismiss are useful to weed out, at an early stage, cases were plaintiff clearly cannot prevail, cases were it is clearly apparent that no set of facts can be proven which will entitle a plaintiff to recovery." *Retreat v. Bell*, 296 Ill.App.3d 450, 453 (4th Dist. 1998). Of course, Section 2-615 of the Illinois Code of Civil Procedure (the "Code"), addresses "'defects in the pleadings' when the [pleadings] are 'substantially insufficient in law.'" *Aboufariss v. City of DeKalb*, 305 Ill.App.3d 1054, 1066 (2d Dist. 1999).

It is also particularly important to note that unambiguous contract language is properly construed in the context of a Section 2-615 motion. *IK Corporation v. One Financial Place Partnership*, 200 Ill.App.3d 802, 810 (1st Dist. 1990). "The determination of the intent of the parties to a contract may either be a question of law or fact . . . If . . . the language in the contract is unambiguous, then the construction of the alleged contract is a question of law and subject to a Section 2-615 motion to dismiss . . . 'The primary object in construing a contract is to give effect to the intentions of the parties involved. Their intent must be determined solely from the language used when no ambiguity in its terms exists, and a strict construction of that language which reaches a different result from that intended by the parties should not be adopted.'" *Id.*

Hence, for reasons already discussed in the foregoing Introduction to this Motion, and which will be further explored below, Defendant's Affirmative Defenses should be stricken pursuant to Code Section § 2-615 for legal defects.

**B.     Defendants' Affirmative Defenses**

    **1.     Defendants' First Affirmative Defense should be stricken because Plaintiff's complaint plainly states 2 separate and distinct causes of action as to both Defendants.**

Defendant contends that Plaintiff's complaint fails to state a cause of action as to Defendant. However, as to breach of contract, the agreement attached as Exhibit A to Plaintiff's complaint clearly shows that Defendants were responsible for payment of Plaintiff's fees. Furthermore, as to the claim of quantum meruit, at no time has either Defendant claimed that they did not benefit from the services provided by Plaintiff. For the reasons noted in this paragraph, Defendants' First Affirmative Defense should be stricken.

### 2. Defendants' Second Affirmative Defense should be stricken because Plaintiff had no opportunity or contractual duty to mitigate damages.

Defendant contends that Plaintiff failed to mitigate its damages. Since the work was already performed by Plaintiff, there was no opportunity to reduce or review the number of hours billed. Furthermore, Plaintiff was not obligated to mitigate damages by any agreement, contractual or otherwise. In fact, the billing and payment policy was attached to the Agreement as Exhibit A. Such exhibit clearly laid out the rights of Plaintiff to enforce payment and the duty of Defendants to make payments and no mention of mitigating damages is made.

### 3. Defendants' Third Affirmative Defense should be stricken because the Agreement clearly shows that Defendants are the client, that they are the ones responsible for payment and therefore, the Agreement is enforceable as to the Defendants.

In the last paragraph of the Agreement between CRA and SCGK, dated April 6, 2005, it clearly says, "If the above meets with your approval, and your client has agreed to our retention, please sign and date a copy of this letter and return it to me." The client referred to is the Defendant in this case and the Agreement was signed and dated as instructed. Defendants knew of and consented to the retention of Plaintiff's services by SCGK and at no point have Defendants contested that Plaintiff was indeed retained by SCGK for the benefit of Defendants.

On Page 2 of the Agreement in the second sentence of the 3rd full paragraph, it reads, "Although InteCap has been retained by SCGK to provide consulting services with respect to matters pertaining to Hallberg, we recognize that Hallberg is our ultimate client." The Agreement was written to show that Defendants would benefit from Plaintiff's services and that Defendants were responsible for payment of Plaintiff's services.

**4.    Defendant's Fourth Affirmative Defense should be stricken because recovery is not barred by the Statute of Frauds.**

The allegation that recovery is barred by the Statute of Frauds can not stand because there is a valid, written contract. There was a meeting of the minds, Defendants asked for Plaintiff's services and Plaintiff agreed to provide the services. Plaintiff asked for a $15,000 retainer in consideration of those services and Plaintiff performed the services contracted for. The elements of a contract have been met and the Statute of Frauds can not bar recovery by Plaintiff.

**WHEREFORE**, Plaintiff, CRA INTERNATIONAL, INC., a Massachusetts corporation authorized to transact business in Illinois, prays that the Affirmative Defenses of Defendants JAMES P. HALLBERG, individually and J. P. HOLDINGS, INC., an Illinois corporation, be stricken and for such further legal and equitable relief as this Court deems appropriate.

CRA INTERNATIONAL, INC.,

By:   /s/  Maysoun B. Iqal
            One of its Attorneys

Patricia E. Rademacher (06205831)
Maysoun Iqal (005855)
COSTON & RADEMACHER
105 W. Adams, Suite 1400
Chicago, IL  60603
Telephone:  (312) 205-1010

5

**CERTIFICATE OF SERVICE**

     I, Maysoun B. Iqal, an attorney, certify that I served a copy of this Certificate of Service and attached Notice of Motion and Motion to Strike Defendants' Affirmative Defenses via electronic delivery on the ECF system and First Class mail to: Michael J. Raiz, Newman Raiz, LLC, Two First National Plaza, 20 South Clark Street, Suite 200, Chicago, Illinois 60603, by causing said documents to be placed into a properly addressed envelope and depositing the same in the U.S. Mail depository at 105 W. Adams, Chicago, Illinois 60603, with proper postage prepaid, at or before 5:00 p.m. on April 2, 2008.

                                                  CRA INTERNATIONAL, INC.,
                                                  a Massachusetts corporation authorized
                                                  to transact business in Illinois


                                By:   /s/ Maysoun B. Iqal
                                                One of its Attorneys


Patricia E. Rademacher (06205831)
Maysoun Iqal (005855)
COSTON & RADEMACHER
105 W. Adams, Suite 1400
Chicago, IL 60603
Telephone: (312) 205-1010