08-701-3787

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES RIVER ASSOCIATES, INC., a Massachusetts corporation authorized to transact business in Illinois, | Case No: 08 C 496 |
| *Plaintiffs*, | Judge Kendall |
| vs. | Magistrate Judge Valdez |
| J.P. Holdings, Inc., an Illinois corporation, and JAMES P. HALLBERG, individually, | |
| *Defendant*. | |

**DEFENDANT J.P. HOLDINGS AMENDED ANSWER TO COMPLAINT**

NOW COMES the Defendant J.P. HOLDINGS, an Illinois corporation, by and through its Attorney Michael J. Raiz of Newman Raiz, L.L.C., and for its Amended Answer to Plaintiff's Complaint, states as follows:

NATURE OF ACTION

1. Defendant denies the allegations contained in Paragraph 1.

JURISDICATION

2. Defendant admits the allegations contained in Paragraph 2.

3. Defendant admits the allegations contained in Paragraph 3.

4. Defendant admits the allegations contained in Paragraph 4.

5. Defendant admits that the allegations of the complaint speak for themselves. Defendant denies all remaining allegations.

6. Defendant denies the allegations contained in Paragraph 6.

7. Defendant denies the allegations contained in Paragraph 7.

## COUNT I – BREACH OF CONTRACT

8. Defendant admits that the retention letter speaks for itself. Defendant denies the remaining allegations contained in Paragraph 8.

9. Defendant admits that Agreement speaks for itself. Defendant denies any further allegations or conclusions arising therefrom.

10. Defendant denies the allegations contained in Paragraph 10.

11. Defendant denies the allegations contained in Paragraph 11.

12. Defendant admits that the Document speaks for itself. Defendant denies any further allegations or conclusions arising therefrom.

13. Defendant denies the allegations contained in Paragraph 13.

## COUNT II – QUANTUM MERUIT

14. Defendant realleges and incorporates each and every answer asserted in Paragraphs 1 through 13, of the Complaint as if fully set forth herein.

15. Defendant denies the allegations contained in Paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE – NON-PARTY TO CONTRACT

1. That the Defendant J.P. HOLDINGS, INC. is an Illinois Corporation in good standing in the State of Illinois.

2. That the Defendant J.P. HOLDINGS, INC. is not a party to the contract as attached to Plaintiff's complaint.

3.　　That where the Defendant J.P. HOLDINGS, INC. is not a party to the contract as attached to Plaintiff's complaint, Plaintiff is not entitled to relief from the Defendant J.P. HOLDINGS, INC.

Wherefore, Defendant J.P. HOLDINGS, INC. respectfully requests this Honorable Court to dismiss Plaintiff's complaint with prejudice and with costs, and for any and all other relief as this Honorable Court deems fair and just.

SECOND AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE DAMAGES

1.　　Defendant J.P. HOLDINGS, INC. asserts the instant affirmative defense in the alternative, to all other allegations as raised.

2.　　Plaintiff asserts that it has a valid contract with the Defendant J.P. HOLDINGS, INC.

3.　　Plaintiff further contends that it suffered damages as a result of the Defendant J.P. HOLDINGS, INC. alleged breach of contract or by way of quantum meruit.

4.　　To the extent that Plaintiff sustained damages as a result of the Defendant J.P. HOLDINGS, INC.'s alleged breach of contract or by way of quantum meruit, that the Plaintiff had a duty to mitigate its damages.

5.　　That the Plaintiff failed to mitigate its damages, including but not limited to continued to provide services, despite lack of payment.

6.　　That Plaintiff in failing to mitigate its damages, is not entitled to recovery for such damages.

Wherefore, Defendant J.P. HOLDINGS, INC. respectfully request this Honorable Court to dismiss Plaintiff's complaint with prejudice with costs, and for any and all other relief as this Honorable Court deems fair and just.

THIRD AFFIRMATIVE DEFENSE – UNAUTHORIZED CHARGES

1. Defendant J.P. HOLDINGS, INC. asserts the instant affirmative defense in the alternative, to all other allegations as raised.

2. That to the extent that the Defendant J.P. HOLDINGS, INC. is liable for any damages to Plaintiff, by way of contractual obligation, or quantum meruit, Plaintiff has performed work that was not authorized by the Defendant.

3. That to the extent that Plaintiff has performed work that was not authorized by the Defendant J.P. HOLDINGS, INC., Plaintiff is not entitled to relief from the Defendant J.P. HOLDINGS, INC.

Wherefore, Defendant J.P. HOLDINGS, INC. respectfully request this Honorable Court to dismiss Plaintiff's complaint with prejudice with costs, and for any and all other relief as this Honorable Court deems fair and just.

FOURTH AFFIRMATIVE DEFENSE – STANDING

1. Defendant J.P. HOLDINGS, INC. asserts the instant affirmative defense in the alternative, to all other allegations as raised.

2. That the Defendant J.P. HOLDINGS, INC. is an Illinois Corporation in good standing in the State of Illinois.

3. That the Plaintiff described in its Complaint is CHARLES RIVER ASSOCIATES, INC.

4. That the alleged contract at issue, attached and labeled as Exhibit A to Plaintiff's complaint, indicates that the proper party to the contract is INTECAP, INC., as executed by John R. Hope as its Vice President.

5.       That while the contract refers to INTERCAP, INC. as a subsidiary of CHARLES RIVER ASSOCIATES, INC., CHARLES RIVER ASSOCIATES, INC. as a separate entity is not a party to the contract.

6.       That where the Plaintiff CHARLES RIVER ASSOCIATES, INC. is not a party to the contract, Plaintiff does not have standing to assert a claim for breach of contract as against the Defendant J.P. HOLDINGS, INC.

Wherefore, Defendant J.P. HOLDINGS, INC. respectfully request this Honorable Court to dismiss Plaintiff's complaint with prejudice with costs, and for any and all other relief as this Honorable Court deems fair and just.

## FIFTH AFFIRMATIVE DEFENSE
## FAILURE TO NAME INTECAP, INC. AS A NECESSARY PARTY

1.       Defendant J.P. HOLDINGS, INC. asserts the instant affirmative defense in the alternative, to all other allegations as raised.

2.       That the Defendant J.P. HOLDINGS, INC. is an Illinois Corporation in good standing in the State of Illinois.

3.       That the Plaintiff described in its Complaint is CHARLES RIVER ASSOCIATES, INC.

4.       That the alleged contract at issue, attached and labeled as Exhibit A to Plaintiff's complaint, indicates that the proper party to the contract is INTECAP, INC., as executed by John R. Hope as its Vice President.

5.       That where the contract refers to INTERCAP, INC., the Defendant INTECAP, INC. is a necessary party to this lawsuit.

6. That where the Plaintiff CHARLES RIVER ASSOCIATES, INC. has failed to name INTECAP, INC. as a necessary party to this lawsuit, Plaintiff's complaint fails to assert a complete cause of action such that Plaintiff may recover.

Wherefore, Defendant J.P. HOLDINGS, INC. respectfully request this Honorable Court to dismiss Plaintiff's complaint with prejudice with costs, and for any and all other relief as this Honorable Court deems fair and just.

                Respectfully submitted,
                NEWMAN RAIZ, LLC


                By: ___/s/_Michael J. Raiz_____

Michael J. Raiz – 6220425 (Illinois)
NEWMAN RAIZ, LLC
*Attorneys for Defendant*
Two First National Plaza
20 South Clark Street, Suite 200
Chicago, Illinois 60603
(312) 580-9000; (312) 580-9111 fax