08-701-3787

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES RIVER ASSOCIATES, INC., a Massachusetts corporation authorized to transact business in Illinois, | ) ) ) | Case No:     08 C 496 |
| *Plaintiffs*, | ) | Judge Kendall |
| vs. | ) ) | Magistrate Judge Valdez |
| J.P. Holdings, Inc., an Illinois corporation, and JAMES P. HALLBERG, individually, | ) ) | |
| *Defendant*. | ) | |

**AMENDED MOTION TO STRIKE PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES OF DEFENDANTS J.P. HOLDINGS, INC. AND JAMES P. HALLBERG OR, IN THE ALTERNATIVE, MOTION FOR ADDITIONAL TIME TO RESPOND TO PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES**

NOW COME the Defendants, J.P. HOLDINGS, INC., an Illinois corporation, and JAMES P HALLBERG, individually, by and through their attorney, Michael J. Raiz of Newman Raiz, L.L.C., and for their response to Plaintiff's Motion to Strike presents the following Amended Motion to Strike Plaintiff's Motions to Strike Defendants' Affirmative Defenses or, in the Alternative, Motion for Additional Time to Respond to Plaintiff's Motions to Strike Affirmative Defenses, state as follows:

**INTRODUCTION**

To preserve their rights, Defendants filed their affirmative defenses to the allegations listed in Plaintiff's Complaint. Those affirmative defenses included the assertion that Plaintiff's Complaint fails to state a cause of action, Plaintiff failed to mitigate damages, the contract at issue is not enforceable as to the Defendants, and the Plaintiff's claims are barred by the Statute of Frauds. Plaintiff subsequently filed its Motions to Strike Affirmative Defenses of Defendants J.P. Holdings, Inc. and Defendant James P. Hallberg (collectively, the "Motions"). Defendants now move to strike Plaintiff's Motions as they are improperly pled and without merit. In the

alternative, Defendants ask for additional time to issue discovery prior to filing a response to Plaintiff's Motions.

### Notice of Conference Pursuant to Local Rule 37.2

Pursuant to Local Rule 37.2, on May 13, 2008, counsel for Defendant and Plaintiff discussed the filing of Plaintiff's Motion to Strike, at which time counsel for Defendant asserted that such motion while not yet filed was an inappropriate as it related to adjudicating the merits of the affirmative defenses. On June 9, 2008, counsel for Plaintiff was requested to withdraw its motion to strike Defendant's affirmative defenses, for which counsel for Plaintiff declined. The following motion to strike seeks relief pursuant to conference between counsels.

### I.    Plaintiff's Motions are improperly pled and should be stricken.

Rule 12(f) of the Federal Rules of Civil Procedure states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike affirmative defenses are generally disfavored because of their potential to delay proceedings. *U.S. v. 416.81 Acres of Land,* 514 F.2d 627, 631 (7th Cir.1975). Such a motion should therefore not be granted unless the defense is "patently defective" on the face of the pleadings. *Bobbitt v. Victorian House, Inc.,* 532 F.Supp. 734, 736 (N.D.Ill.1982). Defenses generally "will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir.1989). Ultimately, a defense should be stricken only if the defendant cannot prove any set of facts in support of the defense that would defeat the complaint. *Bobbitt,* 532 F.Supp. at 737; *Reis Robotics USA, Inc.,* 462 F.Supp.2d at 905.

"The duty of this Court is to determine whether such defenses as presented do indeed present substantial questions of law or fact which may not be stricken. If any such substantial

questions exist, the motion cannot be granted; neither will it be granted if the insufficiency of the defense is not clearly apparent on the face of the pleadings, nor can reasonably be inferred from any state of facts in the pleadings. The purpose of such narrow standards is '. . . to provide a party the opportunity to prove his allegations if there is a possibility that his defense or defenses may succeed after a full hearing on the merits.'" *United States v. 187.40 Acres of Land, Huntingdon County, Pa.,* 381 F.Supp. 54, 56 (M.D.Pa.1974). A three-step analysis is required when assessing the sufficiency of an affirmative defense. *Bobbitt,* 532 F.Supp. at 737; *see also Reis Robotics USA, Inc. v. Concept Indus., Inc.,* 462 F.Supp.2d 897, 905 (N.D.Ill.2006); *Surface Shields, Inc. v. Poly-Tak Prot. Sys.,* 213 F.R.D. 307, 308 (N.D.Ill.2003); *Van Schouwen,* 782 F.Supp. at 1245. First, the court determines whether the matter is appropriately pled as an affirmative defense. "Only matters that deserve a clear 'no' answer will be stricken to make the pleadings more concise." *Bobbitt,* 532 F.Supp. at 737. Second, the court considers whether the defense has been adequately pled pursuant to the requirements of Federal Rules of Civil Procedure 8 and 9; *Reis Robotics USA, Inc.,* 462 F.Supp.2d at 905. Finally, the court evaluates the sufficiency of the defense pursuant to the standard followed in assessing Rule 12(b)(6) motions. *Bobbitt,* 532 F.Supp. at 737; *Reis Robotics USA, Inc.,* 462 F.Supp.2d at 905.

In this matter, Plaintiff focuses on the third prong of this test, alleging that Defendant cannot prove facts in support of its affirmative defenses, thereby rendering the affirmative defenses legally insufficient. Referring to the third prong of this test, the *Bobbitt* court noted that if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the Complaint, *only then* will the matter will be stricken as legally insufficient. *Bobbitt,* 532 F.Supp. at 737. Plaintiff's Motions are improperly pled because it is possible for Defendants to assert a set of facts in support of their affirmative defenses. Defendants have

3

fulfilled the pleading requirements by asserting their affirmative defenses in short, plain statements. *Bobbitt,* 532 F.Supp. at 737 (citing FRCP 8(a)). Defendants clearly presented questions of law and fact: whether or not Plaintiff failed to state a cause of action, whether or not Plaintiff failed to mitigate damages and/or had a duty to do so, whether the contract is enforceable as to all Defendants, and whether recovery is barred by the Statute of Frauds. Defendants' affirmative defenses are not merely "unnecessary clutter," *Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d at 1293. Moreover, it is possible from the state of the pleadings that Defendants' defenses could negate the allegations in the Complaint.

> **II.    In the alternative, Defendants request additional time to issue discovery prior to responding to Plaintiff's Motions.**

Plaintiff's Motions allege Plaintiff had no opportunity, nor any obligation to mitigate damages, that the fees incurred were done so pursuant to a contract, that Plaintiff performed duties pursuant to a contract, and that Plaintiff has acquired InteCap. Defendants are unable to respond to these assertions without certain documents in Plaintiff's possession. For instance, Defendants would need all of the invoices prepared by InteCap, itemized to detail the specific work performed, in order to determine whether or not the fees incurred were done so pursuant to the contract. Such invoices would also show whether the duties performed actually complied with the terms of the contract. Furthermore, the work produced by InteCap would indicate whether InteCap was incurring fees for work performed pursuant to the contract. Correspondence between/among Plaintiff, Defendant(s), SCGK, and InteCap would indicate whether or not there was a duty and/or an opportunity to mitigate damages. Moreover, Defendants seek copies of the preliminary presentation made by InteCap wherein it solicited Defendants' business. Said presentation is believed to include a presentation of documents which outlined the projected costs of the expert witness fees and the projected work to be done.

Finally, Defendants seek information pertaining to the acquisition of InteCap by Plaintiff. Without this information, Defendants cannot adequately respond to Plaintiff's assertions contrary to their affirmative defenses. As such, Defendants request additional time to issue discovery to Plaintiff prior to filing a pleading responsive to Plaintiff's Motions.

Wherefore, Defendants J.P. HOLDINGS, INC. and JAMES P. HALLBERG respectfully request this Honorable Court strike Plaintiff's Motions to Strike Affirmative Defenses of Defendants J.P. Holdings, Inc. and James P. Hallberg or, in the alternative, grant Defendants additional time to issue discovery prior to responding to Plaintiff's Motions.

Respectfully submitted,
NEWMAN RAIZ, LLC

By: ___/S/ - Electronically Filed_____
Michael J. Raiz

Michael J. Raiz – 6220425 (Illinois)
NEWMAN RAIZ, LLC
*Attorneys for Defendants*
Two First National Plaza
20 South Clark Street, Suite 200
Chicago, Illinois 60603
(312) 580-9000; (312) 580-9111 fax