08-701-3787

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES RIVER ASSOCIATES, INC., a Massachusetts corporation authorized to transact business in Illinois, | ) ) ) | Case No:      08 C 496 |
| _Plaintiffs_, | ) | Judge Kendall |
| vs. | ) ) | Magistrate Judge Valdez |
| J.P. Holdings, Inc., an Illinois corporation, and JAMES P. HALLBERG, individually, | ) ) | |
| _Defendant_. | ) | |

**JAMES P. HALLBERG'S AMENDED RESPONSE TO PLAINTIFF'S
MOTION TO STRIKE AFFIRMATIVE DEFENSES**

NOW COME the Defendants, JAMES P HALLBERG, individually, by and through his attorney, Michael J. Raiz of Newman Raiz, L.L.C., and for his amended response to Plaintiff's Motion to Strike Affirmative Defenses states as follows:

**INTRODUCTION**

To preserve their rights, Defendant with his amended answer to the complaint filed affirmative defenses. Those affirmative defenses included that (1) Plaintiff failed to mitigate damages, (2) the charges sought to be recovered against the Defendant were unauthorized, (3) that Plaintiff lacks standing to assert a claim for breach of contract, and (4) that Plaintiff failed to name Intecap, Inc. as a necessary party. Plaintiff subsequently filed its Motions to Strike Affirmative Defenses of Defendants J.P. Holdings, Inc. and Defendant James P. Hallberg (collectively, the "Motions"). Defendant advances the instant response.

**Notice of Conference Pursuant to Local Rule 37.2**

Pursuant to Local Rule 37.2, on May 13, 2008, June 9, 2008 and June 17, 2008 discussed the merits of Plaintiff's Motion to Strike asserting that such motion an inappropriate as it related to adjudication of the merits of the affirmative defenses.

1

**I.    Plaintiff's Motion while titled a Motion to Strike is more properly brought as a dispositive motion and as such should be denied.**

Rule 12(f) of the Federal Rules of Civil Procedure states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."   Motions to strike affirmative defenses are generally disfavored because of their potential to delay proceedings. *U.S. v. 416.81 Acres of Land,* 514 F.2d 627, 631 (7th Cir.1975). Such a motion should therefore not be granted unless the defense is "patently defective" on the face of the pleadings. *Bobbitt v. Victorian House, Inc.,* 532 F.Supp. 734, 736 (N.D.Ill.1982). Defenses generally "will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir.1989). Ultimately, a defense should be stricken only if the defendant cannot prove any set of facts in support of the defense that would defeat the complaint. *Bobbitt,* 532 F.Supp. at 737; *Reis Robotics USA, Inc.,* 462 F.Supp.2d at 905.

"The duty of this Court is to determine whether such defenses as presented do indeed present substantial questions of law or fact which may not be stricken. If any such substantial questions exist, the motion cannot be granted; neither will it be granted if the insufficiency of the defense is not clearly apparent on the face of the pleadings, nor can reasonably be inferred from any state of facts in the pleadings. The purpose of such narrow standards is '. . . to provide a party the opportunity to prove his allegations if there is a possibility that his defense or defenses may succeed after a full hearing on the merits.'" *United States v. 187.40 Acres of Land, Huntingdon County, Pa.,* 381 F.Supp. 54, 56 (M.D.Pa.1974). A three-step analysis is required when assessing the sufficiency of an affirmative defense. *Bobbitt,* 532 F.Supp. at 737; *see also Reis Robotics USA, Inc. v. Concept Indus., Inc.,* 462 F.Supp.2d 897, 905 (N.D.Ill.2006); *Surface Shields, Inc. v. Poly-Tak Prot. Sys.,* 213 F.R.D. 307, 308 (N.D.Ill.2003); *Van Schouwen, 782*

2

F.Supp. at 1245. First, the court determines whether the matter is appropriately pled as an affirmative defense. "Only matters that deserve a clear 'no' answer will be stricken to make the pleadings more concise." *Bobbitt,* 532 F.Supp. at 737. Second, the court considers whether the defense has been adequately pled pursuant to the requirements of Federal Rules of Civil Procedure 8 and 9; *Reis Robotics USA, Inc.,* 462 F.Supp.2d at 905. Finally, the court evaluates the sufficiency of the defense pursuant to the standard followed in assessing Rule 12(b)(6) motions. *Bobbitt,* 532 F.Supp. at 737; *Reis Robotics USA, Inc.,* 462 F.Supp.2d at 905.

In this matter, Plaintiff does not contend that the affirmative defenses are insufficiently pled, rather Plaintiff focuses on the third prong of this test, alleging that Defendant cannot prove facts in support of its affirmative defenses, thereby rendering the affirmative defenses legally insufficient.   Referring to the third prong of this test, the *Bobbitt* court noted that if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the Complaint, *only then* will the matter will be stricken as legally insufficient.  *Bobbitt,* 532 F.Supp. at 737.   Defendant has fulfilled the pleading requirements by asserting their affirmative defenses in short, plain statements.  *Bobbitt,* 532 F.Supp. at 737 (citing FRCP 8(a)). Defendant asserts that Plaintiff's Motion should be denied where it wholly is possible for Defendants to assert a set of facts in support of their affirmative defenses.

*Defendant's First Affirmative Defense – Failure to Mitigate Damages*

In Defendant's first affirmative defense, it asserts that Plaintiff failed to mitigate its damages "including but not limited to continued to provide services, despite lack of payment." Plaintiff does not contend that the pleading is deficient, but rather alleges that Plaintiff had no opportunity or obligation to mitigate damages (¶ 1 of Section B(1) of Motion to Strike).  To be sure, Plaintiff asserts "Plaintiff had no reason to belief that these amount would not be paid as

3

Defendant may have had a history of untimely payments, but they were payments nevertheless." (¶ 1 of Section B(1) of Motion to Strike).

As to Defendant's first affirmative defense, there is simply no question that Plaintiff had an obligation to mitigate damages. Whether Plaintiff had the opportunity to mitigate damages is a question of fact and thus the Motion to Strike should be denied.

*Defendant's Second Affirmative Defense – Unauthorized Charges*

Plaintiff contends that Defendant's second affirmative defense should be stricken where the work allegedly performed by Plaintiff was authorized by Defendant's agent and Plaintiff did not exceed the scope of its representation. (¶ 2 of Section B(2) of Motion to Strike).

Plaintiff's assertions are again dependent upon an analysis of questions of fact and law. That Defendant was the client of SCGK alone does not presume consent to all work performed by CRA, and ignores whether CRA is even a party to the contract. The crux of the second affirmative defense goes to the issue of the nature of such work, and whether Defendant or SCGK authorized the alleged work. Like Plaintiff's first affirmative defense, where Plaintiff does not aver that the pleading is deficient on its face, that the issues of whether the second affirmative defense is wholly dependent upon an analysis of questions of fact, Plaintiff's motion should be stricken.

*Defendant's Third Affirmative Defense – Standing*

Defendant's Third Affirmative Defense[1] asserts that Plaintiff CHARLES RIVER ASSOCIATES, INC. lacks standing to seek recovery as asserted in the complaint. Attached to Plaintiff's complaint is a copy of the alleged contract, which bears the letterhead of Intecap, Inc. The contract is signed by John R. Hope as Vice President of Intecap, Inc. While the contract

---

[1] Defendant's third affirmative defense is incorrectly labeled as fourth affirmative defense.

refers to Intecap, Inc. as a subsidiary of Charles River Associates, Inc., Charles River Associates, Inc. is simply not a party to the contact.

Through this affirmative defense, Defendant contests the legal effect of Plaintiff's allegation that Charles River Associates, Inc. rises to the level of party to the contract, such that it obtains standing to pursue this relief. The analysis of this issue is a matter of law, pending a determination of whether or not the contract is unambiguous or ambiguous, such that in the latter, parole evidence would be concerned. In either regard, to the extent that the third affirmative defense states a cause of action, that the determination of standing pends both as a question of law or fact, Plaintiff's motion should be denied.

*Defendant's Fourth Affirmative Defense – Failure to Name Intecap, Inc. as a necessary party*

Defendant's fourth affirmative defense asserts that Plaintiff has failed to name Intecap, Inc. as a necessary party. In opposition, Plaintiff advances to this Court documentary evidence asserting that CRA acquired InteCap, Inc. on April 30, 2004, and that the Florida Secretary of State shows that InteCap is inactive. While such information may ultimately be dispositive for Plaintiff's assertions, for purposes of the Motion to Strike, the only relevant pleadings are those contained in Plaintiff's complaint and Defendant's answer including affirmative defenses.

Defendant has had no opportunity to challenge the authenticity of the proffered evidence, or even advance its own evidence in rebuttal. Whether InteCap, Inc. has been acquired by Plaintiff is a question of fact, for which the right of Plaintiff to advance claims would rise to a that of a question of law. In either regard, Plaintiff's motion to strike is not well brought, and Plaintiff's motion should be denied.

Wherefore, Defendant JAMES P. HALLBERG respectfully requests this Honorable Court to deny Plaintiff's Motion to Strike Affirmative Defenses, and for any and all other relief as this Honorable Court deems fair and just.

Respectfully submitted,
NEWMAN RAIZ, LLC

By: ___/S/ - Electronically Filed_____
        Michael J. Raiz

Michael J. Raiz – 6220425 (Illinois)
NEWMAN RAIZ, LLC
*Attorneys for Defendants*
Two First National Plaza
20 South Clark Street, Suite 200
Chicago, Illinois 60603
(312) 580-9000; (312) 580-9111 fax

6